The act of 1786, ch. 4, makes only bonds for money negotiable. Bonds for specific articles could never answer the purposes of trade, not being the representatives of any certain value, as money is. The assignee of such bonds could never know how much money to *Page 133 
expect in lieu thereof, neither could he know whether the debtor would discharge the bond in the stipulated article or in money. But bonds for money are of a certain precise value; the payment must be in money; the assignee knows exactly how much he is to receive, and, when upon a man of good credit, may be readily substituted for the same sum in money, or almost with the same advantage as if it were money, without any danger of being afterwards involved in disputes about the value — which in the case of bonds for specific articles is continually fluctuating, and depends upon a great variety of circumstances. For these reasons the law has never made bonds for specific articles negotiable, but only bills, notes, and bonds for money. The cases in 3 Wils., 213, and in Kidd, 32, are precisely similar to the present, and the reasons for these decisions are strictly applicable to the case now before us. On the score of reason, the present case cannot be distinguished from them. Therefore, the judgment must be arrested. Arrested accordingly.
See Tindall v. Johnston, post, 372; Campbell v. Mumford, post, 398;Thompson v. Gaylard, 3 N.C. 150; Wofford v. Greenlee, 1 N.C. 299. The law is the same of bonds payable on a contingency. Goodloe v. Taylor,10 N.C. 458.